| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ELKHART CIRCUIT COURT |
| ) SS: | | |
| ELKHART COUNTY ) | | CAUSE NO: 20C01-1201-CT-_005_ |

CHELSEA KELLY, as Personal Representative )
of the ESTATE OF DELANO SMITH, )
731 N. O'Brien Street, )
South Bend, IN 46628, )
　　　　)
　　　　Plaintiff, )
　　　　)
v. )
　　　　)
CITY OF ELKHART, )
c/o Dick Moore, Mayor, )
Municipal Building, 2nd Floor, )
229 South Second Street, )
Elkhart, IN 46516, )
and )
c/o Vlado Vranjes, Corporation Counsel, )
Municipal Building, )
229 South Second Street, )
Elkhart, IN 46516, )
and )
OFFICER BRUCE ANGLEMYER, )
Elkhart Police Department, )
175 Waterfall Drive, )
Elkhart, IN 46516, )
and )
CORPORAL NORM FRIEND, )
Elkhart Police Department, )
175 Waterfall Drive, )
Elkhart, IN 46516, )
and )
SERGEANT JAMES BUCHMANN, )
Elkhart Police Department, )
175 Waterfall Drive, )
Elkhart, IN 46516, )
and )
OFFICER MICHAEL PRICE, )
Elkhart Police Department, )
175 Waterfall Drive, )
Elkhart, IN 46516, )
and )

**FILED**

JAN 0 5 2012

CLERK ELKHART
CIRCUIT COURT

1

| | )
|---|---|
| TASER INTERNATIONAL, INC., | ) |
| c/o CT Corporation System, | ) |
| 251 E. Ohio Street, Suite 1100, | ) |
| Indianapolis, IN 46204, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, and for her claim for relief states:

1. This is an action at law, in part, to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988, and to seek compensation under the laws of the State of Indiana.

2. Delano Smith was at all material times a resident of Elkhart County, Indiana and a citizen of the United States of America.

3. At material times, Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, were officers employed by the City of Elkhart's Police Department.

4. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, acted at material times under color of their official capacity as a law enforcement officers and as persons for purposes of §1983 and their acts complained of were performed under color of state law.

5. The City of Elkhart is incorporated in the State of Indiana and provided Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, with official badges and identification cards which designated and described them as officers of the Elkhart Police Department.

2

6. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, acted separately and in concert, under color and pretense of law, and engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing death to Delano Smith and depriving him of the rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by the laws of the United States.

## COUNT I

7. On or about January 6, 2010, Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, were working as uniformed officers and responded to a call at Delano Smith's apartment, located at 123 West Hively Avenue, Apartment B 13, Elkhart, Indiana.

8. On or about January 6, 2010, Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, entered Mr. Smith's apartment and observed him dousing his head with water at the kitchen sink. The officers also observed a wound to Mr. Smith's arm and broken glass in the apartment.

9. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, each deployed Taser guns and administered electric shock to Delano Smith. The officers continued to shock Delano Smith after he was incapacitated and posed no threat to himself or others.

10. The combined electrical shock from the officers' multiple Taser guns caused Delano Smith to die.

11. The officers acted recklessly and with complete disregard to the substantial risk of death or serious bodily injury they inflicted upon Delano Smith by administering multiple electrical shocks from multiple Taser guns to a single person.

12. The officers' use of their Taser guns as described herein was objectively unreasonable and constituted deadly force, which was excessive under the circumstances and resulted in Delano Smith's death.

13. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and they, separately and in concert, acted willfully, knowingly and purposefully with specific intent to deprive Plaintiff of his rights, and/or with reckless and callous disregard for Delano Smith's rights including rights of:

(A) freedom from illegal confinement and imprisonment;

(B) freedom from physical abuse, excessive force, coercion and intimidation; and

(C) timely and effective assistance that should have been afforded to Delano Smith.

WHEREFORE, the Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, demands judgments against Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, separately in an amount that will reasonably compensate the Estate for Delano Smith's injuries and damages sustained, the costs of this action, punitive damages, attorney's fees and all other just and proper relief in the premises.

## COUNT II

14. Paragraphs 1 through 14 of this Complaint are incorporated by reference as if repeated herein.

15. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, acts complained of herein constitute negligence under the laws of the State of Indiana.

16. Plaintiff filed a timely notice of tort claim, which was denied by the City of Elkhart.

WHEREFORE, for its State law claim, Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, demands judgment against Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, in an amount that will reasonably compensate the Estate for the injuries and damages sustained, the costs of this action, attorney fees and all other just and proper relief in the premises.

## COUNT III

17. The allegations contained in paragraphs 1 through 18 are incorporated herein as if set forth again in full.

18. City of Elkhart failed to adequately train its police officers concerning the use of and the risks associated with the Taser guns it has supplied its officers.

19. The need for adequate training on the proper use of Taser guns in light of the duties assigned to police officers is so obvious that the city's failure to ensure adequate training constitutes a deliberate indifference to the health and safety of the citizens of Elkhart, such as Delano Smith, who the officers are likely to encounter.

20. As a direct result of the Defendant, City of Elkhart's deliberate indifference, Delano Smith was denied his Fourth Amendment rights to be free from excessive force and unreasonable seizure.

21. Delano Smith died as a direct result of Elkhart's deliberate indifference.

WHEREFORE, Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, demands judgment against the City of Elkhart in an amount that will reasonably compensate him for his injuries and damages sustained, the costs of this action, attorney's fees and all other just and proper relief in the premises.

22. In order to redress these violations of Delano Smith's civil rights, Plaintiffs' counsel has expended and will continue to expend substantial time in presenting this action.

23. In order to redress these violations of Delano Smith's civil rights, significant but necessary costs have been and will continue to be incurred.

24. Reasonable attorneys' fees and costs are due and recoverable to Plaintiff under 42 U.S.C. Sec. 1988.

WHEREFORE, the Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, requests that the Court award costs and attorneys' fees upon finding that Plaintiff is a prevailing party at the conclusion of litigation.

## COUNT IV

25. The allegations contained in paragraphs 1 through 25 are incorporated herein as if set forth again in full.

26. At all times mentioned herein, the Defendant, Taser International, Inc. (hereinafter "Taser"), was engaged in the business and profession of designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, warranting and advertising and placing into the stream of commerce Taser Electronic Control Devices ("ECD").

27. The ECD used to administer electrical shocks to Delano Smith, as described in previous counts, was manufactured by Taser.

28. At the time Taser placed the ECD into the stream commerce, Taser knew or, in the exercise of reasonable care should have known, that it would be used without inspection for defects or dangers in their parts, mechanisms or design.

6

29. Defendant, Taser International, Inc.'s product is unreasonably dangerous and defective for use on human beings because, among other reasons, it is sold without warning as to the effects of multiple or prolonged use, the dangers of using on persons who have mental impairments and may reasonably be on medications, and because there exists no adequate warnings as to what should be done when a deployed ECD renders a person unconscious or unresponsive, or when it results in respiratory arrest or other life-threatening conditions.

30. Defendant, Taser International, Inc., sold ECD's to local law enforcement agencies such as the governmental Defendants without adequate warnings of or training in its potential for causing death and great bodily injury.

31. Taser International, Inc.'s ECD, which was used to administer electrical shocks to Delano Smith, is a defective product under Ind. Code 34-20-4-1 because it is unreasonably dangerous to the expected user or consumer when used in reasonably expected ways of handling or consumption.

32. Taser International, Inc.'s ECD, which was used to administer electrical shocks to Delano Smith, is a defective product under Ind. Code 34-20-4-2 because its seller has failed to label the product to give reasonable warnings of danger about the product.

33. Taser International, Inc.'s wrongful acts or omissions with respect to their ECD used to administer electrical shocks to Delano Smith contributed to the wrongful death of Delano Smith, an "adult person" under Indiana's wrongful death statutes Ind. Code 34-23-1-2(a).

34. Defendant, Taser International, Inc., is strictly liable to the Plaintiff for designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, warranting, advertising and placing into the

7

stream of commerce the ECD which were unreasonably dangerous for its reasonably foreseeable uses.

35. As a direct and proximate result of the strict liability, breach of duties of the Defendant, Taser International, Inc., including but not limited to strict liability and breach of warranty owed to the Plaintiff, Delano Smith suffered personal injuries and subsequently died.

36. As a direct and proximate result of the carelessness and negligence of the Defendant, Taser International, Inc., the Estate of Delano Smith, has incurred hospital, doctor, medical and funeral expenses for the decedent by reason of such wrongful death.

37. As a direct and proximate result of the carelessness and negligence of the Defendant, Taser International, Inc., Delano Smith's family has lost his love and affection.

WHEREFORE, the Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, requests judgment against the Defendant, Taser International, Inc., in an amount that will reasonably compensate the Estate for the injuries and damages sustained by the injuries and death of Delano Smith, for an award of compensatory and punitive damages, for the costs of this action, attorney fees, and for all other just and proper relief.

Respectfully submitted:

_____
Douglas E. Sakaguchi (20352-71)
Attorney for Plaintiff.
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, Indiana 46635
Telephone: (574) 272-2870

## JURY DEMAND

Plaintiff, Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, by counsel, demands trial by jury.

Respectfully submitted:

_____
Douglas E. Sakaguchi (20352-71)
Attorney for Plaintiff
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, Indiana 46635
Telephone: (574) 272-2870