UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| Chelsea Kelly, as Personal Representative of the Estate of Delano Smith, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | CASE NO.: 3:12-cv-00059 |
| City of Elkhart, Officer Bruce Anglemyer, Corporal Norm Friend, Sergeant James Buchmann, Officer Michael Price, and Taser International, Inc., | ) ) ) ) ) | |
| Defendants. | ) ) | |

# DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants, City of Elkhart, Officer Bruce Anglemyer, Corporal Norm Friend, Sergeant James Buchmann and Officer Michael Price, for their answer to Plaintiff's Complaint state as follows:

1. This is an action at law, in part, to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988, and to seek compensation under the laws of the State of Indiana.

RESPONSE: Defendants deny the allegations contained in paragraph one (1) of Plaintiff's Complaint.

2. Delano Smith was at all material times a resident of Elkhart County, Indiana and a citizen of the United States of America.

RESPONSE: Defendants are without sufficient information to admit or deny the allegations contained in paragraph two (2) of Plaintiff's Complaint.

3. At material times, Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, were officers employed by the City of Elkhart's Police Department.

RESPONSE: Defendants admit the allegations contained in paragraph three (3) of Plaintiff's Complaint.

4. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, acted at material times under color of their official capacity as a law enforcement officers and as persons for purposes of §1983 and their acts complained of were performed under color of state law.

RESPONSE: Defendants admit that all times alleged Defendants acted under color of their official capacity as law enforcement officers and as persons for the purposes of 1983 and that any actions taken were performed under color of state law. However, Defendants deny all allegations of violations of state or federal law by the Defendants, and deny all other allegations contained in paragraph four (4) of Plaintiff's Complaint.

5. The City of Elkhart is incorporated in the State of Indiana and provided Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, with official badges and identification cards which designated and described them as officers of the Elkhart Police Department.

RESPONSE: Defendants admit the allegations contained in paragraph five (5) of Plaintiff's Complaint.2

6. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, acted separately and in concert, under color and pretense of law, and engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing death to Delano Smith and depriving him of the rights, privileges and immunities secured to him

by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by the laws of the United States.

RESPONSE: Defendants deny the allegations contained in paragraph six (6) of Plaintiff's Complaint.

COUNT I

7. On or about January 6, 2010, Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, were working as uniformed officers and responded to a call at Delano Smith's apartment, located at 123 West Hively Avenue, Apartment B 13, Elkhart, Indiana.

RESPONSE: Defendants admit the allegations contained in paragraph seven (7) of Plaintiff's Complaint.

8. On or about January 6, 2010, Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, entered Mr. Smith's apartment and observed him dousing his head with water at the kitchen sink. The officers also observed a wound to Mr. Smith's arm and broken glass in the apartment.

RESPONSE: Defendants admit that Defendants Anglemyer and Friend entered the apartment, but deny that Defendants Price or Buchmann initially entered the apartment. Defendants admit that they observed Mr. Smith submerging his head into the kitchen sink, and observed a wound to his arm and broken glass in the apartment, but state that Defendants made several other observations which are not contained in paragraph eight (8) of Plaintiff's Complaint.

9. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael

Price, each deployed Taser guns and administered electric shock to Delano Smith. The officers continued to shock Delano Smith after he was incapacitated and posed no threat to himself or others.

RESPONSE: Defendants admit that they deposed Taser guns and that some electric shock was administered. Defendants deny that they continued to shock Delano Smith after he was incapacitated and posed no threat to himself or others, and deny all remaining allegations contained in paragraph nine (9) of Plaintiff's Complaint.

10. The combined electrical shock from the officers' multiple Taser guns caused Delano Smith to die.

RESPONSE: Defendants deny the allegations contained in paragraph ten (10) of Plaintiff's Complaint.

11. The officers acted recklessly and with complete disregard to the substantial risk of death or serious bodily injury they inflicted upon Delano Smith by administering multiple electrical shocks from multiple Taser guns to a single person.

RESPONSE: Defendants deny the allegations contained in paragraph eleven (11) of Plaintiff's Complaint.

12. The officers' use of their Taser guns as described herein was objectively unreasonable and constituted deadly force, which was excessive under the circumstances and resulted in Delano Smith's death.

RESPONSE: Defendants deny the allegations contained in paragraph twelve (12) of Plaintiff's Complaint.

13. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael

Price, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and they, separately and in concert, acted willfully, knowingly and purposefully with specific intent to deprive Plaintiff of his rights, and/or with reckless and callous disregard for Delano Smith's rights including rights of:

(A) freedom from illegal confinement and imprisonment;

(B) freedom from physical abuse, excessive force, coercion and intimidation; and

(C) timely and effective assistance that should have been afforded to Delano Smith.

RESPONSE: Defendants deny the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint.

## COUNT II

14. Paragraphs 1 through 14 of this Complaint are incorporated by reference as if repeated herein.

RESPONSE: Defendants incorporate by reference their answers to paragraphs 1 through 13 of Plaintiff's Complaint as if fully set forth herein.

14. Defendants, Bruce Anglemyer, Norm Friend, James Buchmann and Michael Price, acts complained of herein constitute negligence under the laws of the State of Indiana.

RESPONSE: Defendants deny the allegations contained in paragraph fourteen (14) of Plaintiff's Complaint.

15. Plaintiff filed a timely notice of tort claim, which was denied by the City of Elkhart.

RESPONSE: Defendants deny the allegations contained in paragraph fifteen (15) of Plaintiff's Complaint.

## COUNT III

17. The allegations contained in paragraphs 1 through 18 are incorporated herein as if set forth again in full.

RESPONSE: Defendants incorporate by reference their answers to paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18. City of Elkhart failed to adequately train its police officers concerning the use of and the risks associated with the Taser guns it has supplied its officers.

RESPONSE: Defendants deny the allegations contained in paragraph eighteen (18) of Plaintiff's Complaint.

19. The need for adequate training on the proper use of Taser guns in light of the duties assigned to police officers is so obvious that the city's failure to ensure adequate training constitutes a deliberate indifference to the health and safety of the citizens of Elkhart, such as Delano Smith, who the officers are likely to encounter.

RESPONSE: Defendants deny the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint.

20. As a direct result of the Defendant, City of Elkhart's deliberate indifference, Delano Smith was denied his Fourth Amendment rights to be free from excessive force and unreasonable seizure.

RESPONSE: Defendants deny the allegations contained in paragraph twenty (20) of Plaintiff's Complaint.

21. Delano Smith died as a direct result of Elkhart's deliberate indifference.

RESPONSE: Defendants deny the allegations contained in paragraph twenty-one (21) of Plaintiff's Complaint.

22. In order to redress these violations of Delano Smith's civil rights, Plaintiffs' counsel has expended and will continue to expend substantial time in presenting this action.

RESPONSE: Defendants deny the allegations contained in paragraph twenty-two (22) of Plaintiff's Complaint.

23. In order to redress these violations of Delano Smith's civil rights, significant but necessary costs have been and will continue to be incurred.

RESPONSE: Defendants deny the allegations contained in paragraph twenty-three (23) of Plaintiff's Complaint.

24. Reasonable attorneys' fees and costs are due and recoverable to Plaintiff under 42 U.S.C. Sec. 1988.

RESPONSE: Defendants deny the allegations contained in paragraph twenty-four (24) of Plaintiff's Complaint.

## COUNT IV

25. The allegations contained in paragraphs 1 through 25 are incorporated herein as if set forth again in full.

RESPONSE: Defendants incorporate by reference their answers to paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. At all times mentioned herein, the Defendant, Taser International, Inc. (hereinafter "Taser"), was engaged in the business and profession of designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, warranting and advertising and placing into the stream of commerce Taser Electronic Control Devices ("ECD").

RESPONSE: The allegations contained in paragraph twenty-six (26) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

27. The ECD used to administer electrical shocks to Delano Smith, as described in previous counts, was manufactured by Taser.

RESPONSE: Defendants admit the allegations contained in paragraph twenty-seven (27) of Plaintiff's Complaint.

28. At the time Taser placed the ECD into the stream commerce, Taser knew or, in the exercise of reasonable care should have known, that it would be used without inspection for defects or dangers in their parts, mechanisms or design.

RESPONSE: The allegations contained in paragraph twenty-eight (28) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

29. Defendant, Taser International, Inc.'s product is unreasonably dangerous and defective for use on human beings because, among other reasons, it is sold without warning as to the effects of multiple or prolonged use, the dangers of using on persons who have mental impairments and may reasonably be on medications, and because there exists no adequate warnings as to what should be done when a deployed ECD renders a person unconscious or unresponsive, or when it results in respiratory arrest or other life-threatening conditions.

RESPONSE: The allegations contained in paragraph twenty-nine (29) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

30. Defendant, Taser International, Inc., sold ECD's to local law enforcement

agencies such as the governmental Defendants without adequate warnings of or training in its potential for causing death and great bodily injury.

RESPONSE: The allegations contained in paragraph thirty (30) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

31. Taser International, Inc.'s ECD, which was used to administer electrical shocks to Delano Smith, is a defective product under Ind. Code 34-20-4-1 because it is unreasonably dangerous to the expected user or consumer when used in reasonably expected ways of handling or consumption.

RESPONSE: The allegations contained in paragraph thirty-one (31) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

32. Taser International, Inc.'s ECD, which was used to administer electrical shocks to Delano Smith, is a defective product under Ind. Code 34-20-4-2 because its seller has failed to label the product to give reasonable warnings of danger about the product.

RESPONSE: The allegations contained in paragraph thirty-two (32) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

33. Taser International, Inc.'s wrongful acts or omissions with respect to their ECD used to administer electrical shocks to Delano Smith contributed to the wrongful death of Delano Smith, an "adult person" under Indiana's wrongful death statutes Ind. Code 34-23-1-2(a).

RESPONSE: The allegations contained in paragraph thirty-three (33) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

34. Defendant, Taser International, Inc., is strictly liable to the Plaintiff for designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, warranting, advertising and placing into the stream of commerce the ECD which were unreasonably dangerous for its reasonably foreseeable uses.

RESPONSE: The allegations contained in paragraph thirty-four (34) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

35. As a direct and proximate result of the strict liability, breach of duties of the Defendant, Taser International, Inc., including but not limited to strict liability and breach of warranty owed to the Plaintiff, Delano Smith suffered personal injuries and subsequently died.

RESPONSE: The allegations contained in paragraph thirty-five (35) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

36. As a direct and proximate result of the carelessness and negligence of the Defendant, Taser International, Inc., the Estate of Delano Smith, has incurred hospital, doctor, medical and funeral expenses for the decedent by reason of such wrongful death.

RESPONSE: The allegations contained in paragraph thirty-six (36) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

37. As a direct and proximate result of the carelessness and negligence of the Defendant, Taser International, Inc., Delano Smith's family has lost his love and affection.

RESPONSE: The allegations contained in paragraph thirty-seven (37) of Plaintiff's Complaint are directed solely toward Defendant Taser International, Inc. and not toward these answering Defendants, therefore Defendants neither admit nor deny the same.

## **AFFIRMATIVE DEFENSES**

1. Defendants are entitled to qualified immunity from Plaintiff's claims.
2. Defendants are entitled to absolute immunity from Plaintiff's claims.
3. Plaintiff's claims are barred for lack of personal involvement by Defendants.
4. Plaintiff has failed to state a cause of action for which relief may be granted.
5. With respect to any potential state law claims, such claims are barred for failure by Plaintiff to timely file a sufficient and complete notice of tort claim.
6. With respect to any potential state law claims, Defendants are immune from liability pursuant to the Indiana Tort Claims Act.
7. With respect to any potential state law claims, Defendants are immune under common law.
8. Plaintiff assumed and/or incurred the risk of injury, if any be found.
9. Plaintiff's contributory negligence and/or willful, wanton and reckless behavior was the proximate cause of her alleged damages, if any be found; thus, Plaintiff is barred from recovery.
10. Plaintiff's claims are barred by the two-year statute of limitations applicable to her cause of action.

11. Plaintiff's claims are barred for failure to properly serve any individual Defendants.

12. Plaintiff's claims are barred for lack of personal jurisdiction over the Defendants.

**JURY DEMAND**

Defendants demand trial by jury.

Respectfully submitted,

By: /s/ Julie J. Havenith
Julie J. Havenith, #17898-53-A

CERTIFICATE OF SERVICE

I certify that on the 24th day of February, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Julie J. Havenith
Julie J. Havenith